Let's ask the clerk to call the case first before I let you get started. 3-24-06-59 U.S. Bank, National Ass'n v. Allen and Faye Lovitsch Appellants Mr. Kwaja, if you're ready to proceed. Hello, Your Honor. Daniel Kwaja, last name spelled K-H-W-A-J-A. I represent the defendant appellants Allen Lovitsch and Faye Lovitsch. Mr. Lovitsch has passed away during this appeal, so we are pursuing on behalf of Faye. We've sought review of five orders in this case. The September 29, 2021 order denying defendant's motion for summary judgment. The April 14, 2022 order granting bench trial judgment in favor of the plaintiff. The reconsideration of that order. The judgment of foreclosure entered on August 22, 2023. And then, of course, the order confirming sale on November 13, 2024. There's three central issues in this case. The first is 810 ILCS 53309. I think that's the big central issue in this case. Illinois is one of 32 states that has not adopted the national amendments to the UCC, which was amended in 2002 to give a party who has a lost instrument additional ways to enforce it. Despite the fact that our legislators had 24 years to amend the statute, we've retained the original version of the 1990. And simply stated, if you've lost an instrument in order to enforce it, in this case, a promissory note, you need one. You needed to have possessed it at some point before you lost it. And you needed to be entitled to enforce it. That's section 33309A. Those are fundamental prerequisites. You don't get past that bar, you can't enforce the note. That's important because here, when the trial court granted judgment for the plaintiff, this entire statute was circumvented. It was not applied as written, but other evidence was offered and used to circumvent the statute. As this court knows... So counsel, what is the practical effect of the argument that you're making? Does it mean your clients get a free house? Absolutely not. This is not a single refiling rule case, nor is it a res judicata case. So I'm not saying they can't file subsequent cases. But what I am saying, as a judgment was wrongfully entered based on a plaintiff that had absolutely no basis to enforce this note as a matter of law. As I mentioned, they circumvented the statute, which is clear and written. I've given this court a significant amount of authority from Illinois and other jurisdictions from appellate to Supreme Court cases, where section 3309 is routinely applied to mortgage foreclosure actions. There is no conflict with the IMFL here. The IMFL has silenced this issue. And we've had 3309 come up in some of our foreclosure cases as a backdrop. And we've had 3309 come up in other cases, including the Supreme Court case in Mid-America Bank, where the court there said that Mid-America was allowed to enforce a cashier's check because they possessed a note... None of these cases are mortgage foreclosure cases, so aren't they all different instruments that you cited? The Illinois cases, anyway. Well, the Pogswell case in the Seventh Circuit, which is a federal court, that's a breach of contract case. However, the whole backdrop to that case was is that Pogswell went and sued City Financial for breach of contract in federal court because they didn't deliver the note to them. Because in state court, they had lost in both the trial and the appellate. So they went and sued and said, hey, you never delivered us the note pursuant to the contract. We shouldn't have lost these state court cases. So we do have some analysis regarding section 3309 in the federal courts. We do also have 3309 mentioned as a backdrop in Aquin v. Dominguez, where they talk about how the plaintiff created a lost note affidavit in anticipation of litigation, where they alleged what this plaintiff should have alleged, that they possessed the note prior to loss and was entitled to enforce it. But the court said it was inadmissible because that lost note affidavit was created for the purposes of litigation. But this court should strongly look at the other appellate courts, which Supreme Courts as well have provided. Wouldn't any lost note affidavit be created for purposes of potential litigation? I mean, isn't that by definition what you would need that for? I suppose it depends on when the lost note affidavit was created. Here, the lost note affidavit was created a year before the foreclosure was filed. So I don't think that it was made in anticipation of litigation. So in that scenario, no, I don't think that it does. As I noted, there's two tests that need to be met. And the official comment to section 3309 states, the right state are those of a person entitled to enforce the instrument at the time of loss, rather than those of an owner in former section 3804. As this court knows, whereas here the language of a statute is clear and unambiguous, judicial construction is neither necessary nor is it permitted. You're supposed to follow the plain language of the statute. But the plain language of the statute was not followed here, and it was not strictly applied as it should have been in this case. Now. Counsel, is Chase the only one then that can do the affidavit and proceed in this action? Absolutely. And I provided you a case, Fannie Mae v. Hicks, the public court of Ohio, where they said, you need to assign the thing back to the party that actually has the right to enforce it. Again, we've had 24 years to adopt the national version of the UCC, which contains additional provisions, how you can enforce it. No. Wait, counsel, you're saying that you have the right, they would have the right to assign it back, but they don't have the right to enforce it. That's what the case law says. You separate those two rights. And Fannie Mae v. Hicks said, I'm relying on, yes, because it doesn't seem like there's any other way to do it. So there needs to be a discussion of what the evidence was leading into the most important initial order, September 29th, 2021, which was the summary judgment order. First, plaintiff's complaint alleged at their legal capacity that they were the legal owner of the note and the legal holder of the note. Okay. They didn't allege any alternative capacity. That's important. They said they're the owner. They're the owner. There's no evidence to support that. Very important. This was a single count complaint for foreclosure. They didn't add any additional accounts for equitable lien or other things to get around this. Straight up foreclosure, straight up single count for foreclosure. The plaintiff in this case attached a lost note affidavit that said absolutely nothing. It needed to meet the bare minimum requirements under 309. There was nothing in the affidavit who was the party to last possess the note, approximately when it was lost. Even though they don't have to produce an exact date when it was lost, there has to be some allegations to get past that initial hurdle, who last possessed it. And I have provided cases, for instance, Secretary of Veteran Affairs vs. Leonhardt, 3rd District of Public Court in Ohio, where the witness who testified at trial proved that they established possession prior to loss because she testified the note was delivered to us before we lost it. There's no such allegations here. Their complaint, their lost note affidavit of 2016 is not only not conclusory, it's just bare bones. It says nothing to satisfy those basic elements of 309. Even though we have a note payable to another, which is Bank One and not the plaintiff, and even though the lost note affidavit in this case was completely insufficient, we pursued discovery. It took almost three years to get a response through motions to compel, 201Ks, because we just couldn't get the information out of them. Once we did get the information out of them, they issued their sworn responses. They stated they did not know when the note was transferred to the original plaintiff. They stated under 309 that they did not know who last possessed the note and whose custody it was in. That should be dispositive. Those are sworn discovery responses. So when we move for summary judgment, we attach the note payable to another, Bank One. We attach their discovery responses, where they said they don't know when the note was transferred to the plaintiff. They don't know when the note was last possessed. So and then we have the bare bones lost note affidavit. Now, when you're moving for a summary judgment, because it's very important here to understand what the burdens are, we move for summary judgment. They had a motion for summary judgment pending, but they withdrew it. We move for summary judgment, and this case has similarity to Deutsche Bank v. Gilbert, where the defendant also moved for summary judgment. In that case, like this case, the note was payable to a party other than the plaintiff. The court said that, you know, once you meet your initial burden of production, the burden now shifts for you to produce countervailing evidence raises a question of material fact. There was no question of material fact that the summary judgment, it should have been granted, and this never should have gone to trial, because again, the note was endorsed to a non-party to the proceedings. They alleged they were the holder. They were not. The 309 was insufficient, and they could have, in response to summary judgment, now attached an affidavit alleging custody, steps, how the note was obtained, would have conflicted with their discovery, but they could have attached an affidavit to establish more. But the documents clearly showed that they were not. It's important for the courts to understand as well what assignments, what relevance assignments of mortgage have in Illinois. And it's simply stated, an assignment of a mortgage without a proper assignment of a note is a nullity in the law. The mortgage is incidental to the debt. And where you have a procedural rule or a statute that bars an action on the note, the mortgage is similarly barred. Here, we have a procedural rule in 309 that has specific steps this funder was to take to prove compliance with 309. They never did. They never attached any evidence or affidavits to their response to summary judgment. It was a five-page response, no documents attached. They completely relied on a question of law, which is what the summary judgment was. There was no questions of fact. It was only questions of law. And based on the questions of law, we believe that they did not establish that they were in possession of the note and entitled to enforce the note under 309. And that statute controls. No exceptions should be written in. The court shouldn't start looking to other evidence when you have a statute that specifically addresses loss instruments. And a promissory note is a loss instrument. As a backdrop to that, as I've noted, the note was payable to Bank 1. If they had produced a copy of the note with a blank endorsement or endorsed to them, would that gotten them over the hurdle? Maybe, maybe not. Appellate courts have said, no, if you don't have the original, but we don't even have that fact. So they don't have the original note because it was lost, correct? Correct now, so there's no way that someone could transfer a note that was lost to them. That's right and importantly. On September 5th, 2017, the court granted the 1st substitution of party plaintiffs. That was before we move for summary judgment. So, the September 5th, 2017 order, then transferred the rights to enforce or transferred the party to US Bank for the NRZ pass through trust. So now we've got a fresh new plaintiff that we moved for summary judgment against the original plaintiff and the affidavit that they filed. It was already bare bones, but it was to that plaintiff. We had a new party come in. We move for summary judgment. That party even had less evidence than the original 1. we believe summary judgment should have been granted as I've stated what the burden is, which is because it's important. This is not a motion to strike for the affirmative defensive standing. It was not a plaintiff's motion for summary judgment where they only have to show their initial meet the initial repleting requirements under 1504 of the IMFL. It's none of those analysis. It's a defendant's motion for summary judgment that we brought against them that shifted the burden for them to produce counting, availing evidence, which they did not. 2 minutes council, I'll move quickly. So, then we obviously went to trial. We produced all the exact same evidence that we produced a trial, but now we have the witness. Amanda Harvey testified on cross examination. I went through each assignment of mortgage and I asked her, did it transfer the note? She said, no, it was lost every time she admitted that the note was payable to a party other than the plaintiff. She admitted the loan modification, identified a party other than the plaintiff for every single mortgage assignment. I took her through it and she acknowledged that the note was not transferred didn't chase acquire bank. 1. Bank 1 merged into chase, I believe. Yes, but chase isn't the plaintiff here. Okay, I understand, but I think you're, weren't you making a distinction between. Notices to chase and notices to bank 1. Notices I don't think I said, all right, but maybe I misheard you. I apologize. Go ahead. That's my fault if I was not clear on cross examination, there was nothing left to prove. We proved to the witness on top of all the evidence. We had the note had been transferred that had not been transferred. So, what is their basis under Illinois law to enforce this note? There was not the trial court heavily relied on assignments of mortgage, which are incidental to the debt. They don't matter if the note hasn't been transferred, which it wasn't the 2nd issue in this case. And I know I'm running out of time. Here is the contractual condition precedent that we raised in the foreclosure. There's only 1 designated address for notice under the mortgage contract under paragraph 15. it explicitly says that paragraph 22 requires that you send notice to the fall prior to the filing of the foreclosure. There are multiple documents in the record that show the servicing address was the Ellsworth address and not the property. That was the client's former lawyer. So, the fact that there were notices still being sent after the foreclosure was filed, the Rushmore letter, common law record C1639, the payment history, all of these were showing the service address as the Ellsworth address. Yet the plaintiffs maintained that the notice of the fault was sent to the homeowners at the property. What about the notice of acceleration? Did that go to the other address, or at least purportedly? So, that letter says care of James Calvo on the letter. Why does it say that? What we don't have is the envelope that the letter was in. Often, these letters will show what the property address is, but it's not showing where it's actually being mailed. And here, there was no mailing logs. There was no envelopes, nothing showing that the notice was actually mailed to the homeowner. But we do have as records, including the plaintiff's own evidence on the payment history, showing that the service address was the Ellsworth address. You have 1 designated address. Those are notices after the foreclosure still showing the Ellsworth address, and there's just simply no way that now they could say, well, we sent it to the property, and we've been ignoring what's in our records. So, there's a major question of fact, more than a question of fact, it's against the manifest weight of evidence at the bench trial. Judges your time is up. You can finish answering justice. We're telling this question, but your time is up. If you want to finish up, yeah, so paragraph 22 requires notice your honor paragraph 15 designates 1 notice address. It's very clear by the documents in the record that notice was being sent to the wrong party. When we filed the motion to reconsider the bench trial judgment, we tried to introduce newly discovered evidence where my client had called the servicer to verify the address and they again said that the address was the Ellsworth address and not my client, despite the fact they were maintaining that the notice of default was sent there with really, but that didn't come in correct council. Well, I followed the motion to reconsider the judge denied it and in his opinion, he said there wasn't supported by affidavit. He missed it. It was supported by affidavit. So, I'm going to cut you off council because you're going to get a chance for rebuttal here. I think you've got at least a chance to talk about your 2nd issue. Justice Anderson. Do you have any questions? I don't all right. I'm going to turn it over. I have 1. if I may do another. I'm sorry. Yeah, I know that the plaintiff in this case asserts that in the 2012 foreclosure that an affidavit of lost note was provided that said that it was in the possession of JPMorgan chase at the time that it was lost assuming that was true. It's your position that JPMorgan chase because can't transfer it to another plaintiff and they can't proceed on on the note. Is that correct? Well, right and that last note affidavit is unusual because it's not saying really the note was transferred to us bank and our agents holding it. It's more like the US bank never had the note. Let's see if we can find the party who did to be our servicer and say, they held it. It's a very unusual last note affidavit, but it doesn't matter. It doesn't matter because that's not the party that received the judgment, which was US bank for the acquisition trust. My question, I think he's saying you've answered his question. Okay, go ahead. Justice for 10 assuming, I guess. So the question was assuming. Forget the unusualness of it, assuming it was in proper form in 2012 or for that particular proceeding. It's your position that that remains the only in the only entity that can collect on a note. Enforce the note it can't that right? Can't be transferred. Yes, but please be aware judge we objected to that last note affidavit because it took 3 years to get discovery and they kept telling us. I don't know. I understand that. It was just a question. Okay. Thank you. Yes. Silas, thank you for your patience, but if you'd like to proceed. May please the court. My name is Penny Eilers and I represent the U.S. Bank National Association as trustee. As your honors know, this is a case regarding a mortgage foreclosure. The crux of the issue in this case regarding the denial of the appellant's motion for summary judgment, the entry of judgment in favor of plaintiff after a 2 day bench trial and the denial of the appellant's motion to reconsider is whether a lost note. Original lost note can be enforced. Appellant's position requires the court to hold that an original note. That if an original note is lost, it cannot be enforced by a successor and interest who did not hold the original when it was lost. However, Illinois case law holds that a copy of the note attached to the foreclosure complaint is itself prima facie evidence that the plaintiff owns the note. And that's Parkway versus Korzen. Additionally, in this case, the loan modification recorded on December 12, 2015, between the borrowers and JPMorgan Chase, who was the successor by merger to the original lender, Bank One, modified the 2003 mortgage and note, and more importantly, ratified the 2003 mortgage and note. In this case, and after a 2 day bench trial, the court listened to testimony of Appley's witness and the borrowers and reviewed the exhibits introduced into evidence and made a finding that plaintiff had met its burden regarding the lost note and the demand acceleration letter and entered judgment in favor of plaintiff. The court heard testimony from the appellants, wherein they admitted they signed the mortgage and note, admitted they signed the loan modification in 2015, and admitted the default in the payments. The judge's ruling relied upon three cases, all of which support Appley's position. In First Federal versus Chicago Title, the court held that where original note cannot be located, an affidavit of lost note and copies of the underlying note and mortgage are sufficient to support a foreclosure action. The lost note affidavits in this case complied with that, and they attached copies of the mortgage and note. We have a lost note affidavit from 2011 from JPMorgan Chase. Additionally, a lost note affidavit from 2016 that was entered into evidence from JPMorgan Chase, who was a successor by merger to Bank Watch. In Ocwen versus Harris, the note was lost prior to the transfer and the plaintiff foreclosing never had position of the original note, and the court held that legal title to the underlying debt rather than the ability to enforce the note was what was required to foreclose. The third case the court relied on was Cogswell versus Citi Financial, where there was a gap in the chain of title that raised concerns whether the plaintiff was the true owner of the debt. In this case, there is no gap in the chain of assignments from Bank One, the original lender, to the plaintiff. Each assignment assigned the mortgage and note to the new entity. These assignments are the court heard testimony about how assignments are standard in the industry, how transfers are standard in the industry. In contrast, the majority of the cases cited by appellant in support of their position regarding 3309 are from jurisdictions other than Illinois, and many of the cases that defendants cited are not relevant to a foreclosure proceeding. The appellant cited First Midwest versus Cobo for the proposition that the lender cannot enforce an action on a note that's barred. However, the Cobo case did not deal with a lost note or a lost note affidavit. Accordingly, there's ample evidence to support the trial court's findings in this case. Appellant also argued that the trial court abused its discretion in confirming the judicial sale. However, ILCS 515-1508B provides the standards for the court approving the sale, and also in 2021, 1508 was modified to provide that the court can approve fees and costs arising between the entry of judgment and confirmation. So, the trial court did not abuse its discretion in confirming the judicial sale. Finally, this is a case of Chancery, which is a court of equity. In this case, the borrowers lived in the house without making a payment since June of 2016. The trial court heard testimony from the borrowers where they admitted they signed the mortgage and note, admitted they signed the loan modification, admitted the default in payments. Over the course of litigation, the lender made advances to pay real estate taxes due so the property would not be lost to tax sale. However, in this appeal, not only are the borrowers asking that the nearly $1 million balance on the loan be forgiven, but that the lender pay them the $770,000 proceeds from the judicial sale. That result would be inequitable to save the lease and is contrary to the evidence presented. Accordingly, we ask the court to affirm the orders entered in this case. Silas, anything else? Nothing further. I wanted to talk to you about notice. What are your proofs as it relates to notice? There was a notice. Acceleration notice sent to the borrowers at the property address that was entered into evidence. We know that it was sent to the property address. I think Mr. would argue that. I'm sorry to interrupt you, but please go ahead and answer. But if you have a. A page in the record where you can point to for that. I do the demand breach notices in the record at page 46 to 47 C1353 to 55 volume 2 also exhibits 244 to 251. So there, there were perhaps more than 1 demand or breach letter sent. 1 sent to the borrowers at the property address. And that's the same you just gave us. That's correct. It was it sent first class mail. Yes, and there's proof of that in the record. There is no, there was no mailing log or proof with the envelopes and the postage attached. However, there was the actual notice in the record. Was it sent by 1st class mail was my question. So, is there evidence of the record that it was sent by 1st class mail? There is not. All right. So the presumption that it was received goes away then doesn't it? There was no evidence. There's no evidence in the record that it wasn't received. Well, the, didn't the defendant testify that it wasn't received. I don't believe so. I might be mistaken, but I thought that this is love, which testified she didn't receive it. But let's assume she did testify that she didn't receive it. So, I guess you've already answered. You're saying that we have a disagreement as to the proofs on that. But my question is, if we can't presume that it's 1st class mail, I think you have to show that it was received in some other way, don't you? I actually think there's a presumption that it is mailed via 1st class mail. You would have to actually look at the demand sent and that's in the record as to whether or not that letter has any indication on it that it was sent via 1st class mail. Thank you. That was the 1 question that I had. Gentlemen, other questions? No, thank you. No, thank you. All right. I was going to turn it back over to Mr. Quaggia. Thank you very much. Yeah, Judge, just so I can hold up the record here, C-261. We can't see that. We're not going to be able to see it, but C-261 is what you're referring to. I'll put up my notes. C-261, plaintiff's documents, payment history. It says, mailing address, 119 North Ellsworth Street. It's right on their documents. Then we have the record at C-1369, which is another notice sent during the foreclosure, also identifying the Ellsworth address. As I've mentioned, there's only one designated mailing address under the contract, under paragraph 15 explicitly says that. While the IMFL has a presumption of mailing, that's a rebuttable one. Ms. Lovich did, in fact, testify she didn't receive notice. She not only testified she'd notice, she testified she's not received a single notice, not a mortgage statement, notice of default, or anything. We have these documents in the record showing that the property address produced by the plaintiff is a different address. That is a strong rebuttable presumption. They have no proof that the letter was mailed. They're relying on just the letter itself without any envelope that it was placed in, mailing logs or otherwise. There's no proof. The letter, of course, is going to have the property address on it because that's what's foreclosed. They've offered no proof of mailing. With respect to the enforcement of the note, the first federal case doesn't reference 309, but it very clearly in the opinion states that the borrower waived all his defenses. He didn't raise anything, and he got granted a judgment against him because he didn't deny a single thing, and he didn't raise any affirmative defenses. Hard to take anything from that opinion. The Ockwin case, which is now 26 years old, was a common law strict foreclosure case where they brought suit on the mortgage only and did not implicate the note. In my past 15 years, I've only seen one suit on just the mortgage. It's really rare, but they state in that opinion that 309 does not apply because they're not attempting to enforce the note. They're only attempting to force the mortgage. However, that was relying on Hickley, which I believe now is bad law because under Cabo, they've stated if you ask for a deficiency under the note, you are now implicating a second claim under the note. In this case, they not only sought a deficiency, but were granted a quarter of a million dollars. Recently, Palmer House came out in the first district and extended Cabo, and again, said if you ask for a deficiency under the note, you're asking for relief under the note, and you get granted personal deficiency. It's essentially two claims. Ockwin's really outdated, and it's an outlier case that's based on bad law. And again- Well, it's an outlier case is still, I mean, a precedent is a precedent, right? Well, it's not precedent. You don't have to follow a federal court decision, but that decision- I understand, but every time I hear lawyers talking about a, you know, quote unquote, rogue case or an outlier case, I mean- Well- Seems like not the best argument to me. Okay, but it's a common law strict foreclosure case. It's not a suit on the note that implicates the provisions of the UCC. I've provided many foreclosure cases that implicate the UCC and 309. With respect to plaintiff's arguments, there was a transfer as explained. No, there wasn't. The witness testified very clearly that the note's payable to another, and that the note was not assigned through the mortgage assignments. They have absolutely no evidence whatsoever to prove that U.S. Bank for the RCF Acquisition Trust that received the judgment was entitled to one. Finally, with respect to our challenge at confirmation of sale, where they packaged in 40,000 and fees that were for taxes that were acquired before the judgment, but not in the judgment, we've raised two arguments with respect to that. One, we've raised that under the Higgins case, even though the IMFL supplemented, the Higgins case clearly says that under any standard legal fee or usage, the taxes are not fees and costs. It's a separate thing. And the IMFL discusses fees and costs. Secondly, is the fact that the sheriff's report is inadmissible hearsay. It's not a business record. It's not an affidavit. And there already is an unpublished decision that agrees with this argument, Fannie Mae v. Acuto in the First District, if this court has not read it. And it makes perfect sense. How can a sheriff sign a report affirming all these damages at confirmation of sale? He has no personal knowledge. The sheriff reports, not an affidavit. It's not a business record for the bank either. There's absolutely nothing to prove it. And the IMFL is silent as what's needed to prove it, which should be an affidavit proving up those damages. And as mentioned, the court wants to cite, there's already a published decision that agrees with me on this issue. So I don't think I have anything further to add unless the court has questions. So I've got a couple. First of all, I think you cited me C-1369, which is simply a page in a note. It's not anything to do with the letter. And then Ms. Eilers cited me C-1355. None of these are the letter that I was asking about. It's 1389. 1389 shows the Ellsworth address, the letter mailed to the Ellsworth address after the foreclosure. And then- Is that simply a circumstantial evidence argument that they sent letters to the address of the attorney, so they must have sent all the letters to the one designated notice address at any one time. If the contract- Well, if I have an attorney representing me to foreclosure action, you'll change that address, right? So there's a problem here. And without getting- The contract is with the mortgage lender. So the mortgage lender is actually required to send notice. But they have the servicer sending the notice, which sometimes the servicer is bound by Fair Debt Collections Practices Act. But the contract's with the lender, and the notice is required to be sent by the lender. And as I provided cases- Well, that's their agent, right? Let me stop just because I started it. I apologize. I was just asking for the site, and I see now at 1389 a letter. So thank you for answering that portion for me. I did have one other question before I turn the rest over to the panel in case it was one of theirs. Did you want the other side? You're saying that the sheriff sends the bill. The sheriff is already appointed by the court in most of these cases, at least in my old jurisdiction. But we need an affidavit. His bill to the court is not enough? It's not a bill to the court. It's a prove-up of all the damages that the bank is entitled to when they confirm the sale. It's not a business record under the standard 803 evidence rules because it's not a bank business record. It's a sheriff is signing off and proving up damages that he has no idea what it is. And it's also not an affidavit. If you want to look at Fannie Mae versus Kudo in the first district, they agree with this. You have a site for that? I'll find it. I'm sorry. I'm sure it's in the record. No, it's not. It's an unpublished decision, which is why I didn't cite it. I'm only mentioning it. Okay. Then give it to me. I'm getting it now, Judge. One second, please. Thank you. And any other questions from the other justices during that time period? No, thank you. Justice Anderson, no? Justice Boutani? No, thank you. Okay. I'm going to let Mr. Kwasi look at that site. Yeah. It's Federal National Mortgage Association versus Kudo, A-K-O-G-U, 2018, ILAP First, 170621. And you'll find it at paragraph 15, Justice Hedl. Thank you. Counsel, thank you very much for this treatise in foreclosure law. We will take this case under advisement and issue written determination in due course.